[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas corpus matter in which the petitioner has alleged ineffective assistance of counsel at his sentencing hearing as a probation violator.
The defendant was originally sentenced on November 8, 1985 to six years, execution suspended after three years and three years probation.
On July 3, 1990, he appeared before the court as a probation violator and after a hearing was found to be in violation of the terms of his probation. He was then committed to custody of the commissioner of correction for the balance of the sentence imposed on November 8, 1985.
In his "corrected revised amended petition", the petitioner alleged that his counsel failed to properly prepare for the July 3 revocation hearing and neglected to call necessary witnesses etc.
On March 4, 1991, this petitioner filed a motion for modification of the sentence imposed on July 3, 1990 and this motion was heard on March 14, 1991. It was denied on April 10, 1991.
The state has moved to quash the petition on the grounds of res adjudicata and collateral estoppel. The court indicated to counsel at the hearing on the motion to quash that there appeared to be a serious question as to whether the petitioner could show prejudice in this habeas corpus proceeding since he had, on his motion for modification, had the benefit of a full scale hearing.
In reviewing the prior proceedings, the court notes that the original sentence received by the petitioner and which was the subject of the revocation hearing was not subject to modification under Connecticut General Statutes 53a-39. This section applies only to sentences of three years of less.
Consequently, the modification hearing could not have resulted in a reduced sentence. This would negate the issue CT Page 10706 raised by the court as the petitioner did not enjoy a full and valid hearing. Similarly, he cannot be precluded from pressing this petition on the states claim of res adjudicata because there was no authority for the court to grant the relief requested and the only proper result would have had to be a denial of the modification request on jurisdictional grounds.
The motion to quash is therefore denied.
ANTHONY V. DeMAYO, JUDGE